Ruffin, Judge.
 

 Forbearance by a creditor is a good consider ation for the promise of an executor, having assets, to pay the debt of his tesTator$ and such promise will bind him personally. I¡ is unnecessary to consider whe.uer such a promise imports assets $ since they are
 
 *518
 
 expressly found here. I should indeed think, notwithstanding some contradictory dicta, that it did not. The promise is one thing, and the consideration another. j see no more reason for saying, that the consideration is in this case to be inferred from the fact that the promise was made, than that sufficient consideration should be implied from the mere promise in all other cases. But here, both the assets and forbearance are expressly alleged by the Plaintiff, and stated in the case.
 

 The ground of decision in the Court below does riot appear on the record. But we collect that it went on the ground, lhat the Plaintiff Was not tíre legal owner of the Justice’s judgment, and therefore that there was no
 
 debt
 
 to forbear $ and so, that the forbearance was not a good consideration.
 

 It is very true, that where there is no original cause of action, an agreement for forbearance will not support a promise to pay — for there is nothing to be paid. And
 
 it is equally
 
 true, that to a certain extent, and indeed generally, Courts of law only take notice of legal rights. In actions on bare equities, when they come directly into judgment, we cannot recognize them. And in suits in
 
 the
 
 name of the person
 
 having the legal
 
 right, we cannot know any body but the Plaintiff of record. But there are yet many instances, in which mere equities are held by Courts of law to be
 
 of value■
 
 The sale of an equity of redemption will support a promise to pay tiie .price. And a promise not to sue for a certain timp in the Court of Chancery for an equitable demand, is the same, as constituting a consideration for a promise to pay it, as a like forbearance not to sue at law for a legal demand. All we say in this Court is, that we cannot enforce or protect'an equitable right, independent of the parties’ contracts. But if they deal together upon those rights, and ascertain their value, and in consideration of the possessor of them yielding them up entirely, or refraining to enforce them, another promise to pay lhat
 
 *519
 
 value, or do some other act, it is a good promise. Courts of law are obliged to know that there is a Court of Equity, as a part of the general public judiciary; and that it is as much to the advantage of a person to avoid a suit
 
 in
 
 that Court as in a Court of law. These positions are fully sustained by the cases of
 
 Thorpe
 
 v.
 
 Thorpe (Ld. Ray.
 
 663), and
 
 Dowdenay
 
 v.
 
 Oland, (Cro. Eliz.
 
 768). The Plaintiff here had a clear remedy in equity to collect the debt, against the wishes and resistance of both the Defendant and the Plaintiff’s assignor. To forbear to use it was both a loss to him, and an advantage to the Defendant.
 

 Besides, the express promise of the Defendant recognizes the Plaintiff as the owner of the judgment, and the real creditor, it is like the common case of the holder of an instrument not negotiable, placing it in the hands of another to collect. When the money is collected, it is no answer to the bolder that he is not the owner. The receiver took it as bis, and to his use collected the money
 
 ;
 
 and to him he must pay it. I do not say, that this Defendant might not show that
 
 Alexander Potter
 
 was still the true owner, and that the Plaintiff came dishonestly by the judgment. Upon that I give no opinion. Butin the ¡¡resent state of the case,
 
 the
 
 express agreement of the Defendant is a sufficient acknowledgment that the Plaintiff is the real creditor.
 

 Per. Curiam. — Let the judgment helow be set aside, and judgment entered for the Plaintiff.